**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**CHARLIE DEMEKO LONG**                                                    **PETITIONER**

**v.**                                                                              **No. 3:11CV29-A-A**

**E. L. SPARKMAN, ET AL.**                                                    **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Charlie Demeko Long for a

writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition. Long

has not replied, and the time to do so has expired. The matter is ripe for resolution. For the

reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

**Facts and Procedural Posture**

Charlie (Charles) Demeko Long is in the custody of the Mississippi Department of

Corrections and is currently housed in the Mississippi State Penitentiary in Parchman,

Mississippi. He was convicted in the Circuit Court of Grenada County, Mississippi, on Count

One of his indictment in his case for sale of a schedule II controlled substance and in Count Two

for possession of cocaine with intent to sell, transfer, distribute or deliver. On October 14, 2008,

he was sentenced as a habitual offender to serve two consecutive life sentences in the custody of

the Mississippi Department of Corrections ("MDOC"). State Court Record ("SCR"), Vol. 1, p.

81-82.

Long appealed his convictions and sentences in the Mississippi Supreme Court, raising

the following issues (as stated by counsel):

Issue 1.        The verdict was against the overwhelming weight of the evidence.

Issue 2.    The court erred in admitting evidence of prior bad acts.

Issue 3.    Black potential jurors were systematically and unconstitutionally stricken from the jury.

Issue 4.    The sentence violated appellant Long's constitutional rights.

That court found no merit to the issues raised and, on May 6, 2010, affirmed the judgment of the circuit court. *Long v. State*, 33 So.3d 1122 (Miss. 2010)(Case No. 2008-KA-01877-SCT).

In the present Petition for Writ of Habeas Corpus filed on February 28, 2011, Long raises the following issues (as stated by Long *pro se*):

Ground One.    The verdict was against the overwhelming weight of the evidence.

Ground Two.    Whether the trial court erred in admitting evidence of prior bad acts.

Ground Three.    Black potential jurors were systematically and unconstitutionally stricken from the jury.

Ground Four:    Whether sentences violated petitioner's constitutional rights.

Long has exhausted his state court remedies as to all grounds in his petition.

**All Grounds for Relief Were Reviewed on the Merits in State Court**

The Mississippi Supreme Court has already considered all grounds in Long's petition on the merits and decided those issues against him; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

(d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State

-2-

court proceedings *unless* the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any grounds of the petitioner's claim.

-3-

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One: Verdict Against the Overwhelming Weight of the Evidence

Long argues in Ground One of his petition that the jury's verdict was against the overwhelming weight of the evidence. The Mississippi Supreme Court held this issue to be meritless. "A federal habeas court has no power to grant habeas relief because it finds that the state conviction is against the 'weight' of the evidence . . . ." *Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123, 106 S.Ct. 1991, 90 L.Ed.2d 672 (1986). The weight of the evidence is decided by the trial jury and, if found to be inadequate, the remedy is a new trial. In the present case, however, the Mississippi Supreme Court examined the evidence, considered it in the light most favorable to the prosecution, and accepted all credible evidence consistent with the verdict as true, *Long v. State*, 33 So.3d at 1126, and held: "Both Long and the State presented evidence. The jury weighed the evidence and determined that the State proved beyond a reasonable doubt that Long was guilty. Therefore, this issue is without merit." *Id*. The court held that it was reasonable for the jury to conclude Long was guilty of both possession and sale of cocaine based upon the evidence given at trial. Evidence of Long's guilt (introduced by

-4-

Officer Mark Beck) included video and audio testimony of the sale and possession of cocaine. SCR, vol. 2, p. 71, 91. Both the confidential informant, Wesley Rogers, and Long's former girlfriend, Lakendal Barnes, identified Long as the person who sold the cocaine to Rogers. SCR, vol. 2, p.117; vol. 3, p. 161. Barnes also testified that, when she was pulled over for a traffic violation, Long was in her car and attempted to pass her some drugs, but she refused. SCR, vol. 3, p.156. The jury considered the evidence presented and found it sufficient to convict Long on both charges. Given these facts and the governing law, the Mississippi Supreme Court's resolution of the issue in Ground One was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. As such, this ground for federal *habeas corpus* relief will be denied.

### Ground Two: The Trial Court Erred in Admitting Evidence of Long's Prior Bad Acts

The Mississippi Supreme Court ruled that this issue was meritless. A claim challenging the state court's ruling on the admissibility of evidence is not proper for federal *habeas corpus* review, as a state court evidentiary ruling is an issue of state law only . A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac,* 456 U.S. 107, 118 (1981). A mere error of state law is not a denial of due process; otherwise every "erroneous decision by a state court on state law would come [to this Court] as a federal constitutional question." *Id.* at 121 n.21 (citations omitted). "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial

fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir.1994). "[I]n reviewing state court evidentiary rulings, the federal habeas court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson,* 141 F.3d 218, 222 (5th Cir. 1998) (citations omitted). The "erroneous admission of prejudicial testimony does not justify habeas relief unless the evidence played a 'crucial, critical, and highly significant' role in the jury's determination." *Jackson v. Johnson,* 194 F.3d at 656.

Long challenges the trial court's ruling to admit evidence of his prior bad acts. Rogers, the confidential informant, testified that he had previously witnessed Long selling cocaine some fifteen to twenty times. SCR, Vol. 2, p. 116. The trial court weighed the testimony outside the presence of the jury under MISS. R. EV. 403, SCR, Vol. 2, p. 110, and held:

> Okay. Well, of course, this matter, according to the Defendant's wishes, has not been severed where possession with intent and sale are both counts that are against him in this particular case. The State can't prove the entire case with one witness. The case law is clear that this testimony is admissible where one of the charges is that he was possessing drugs with the intent, with the intent to sell them. But it is limited by the fact that it must pass the 403 test, and then there must be a limiting instruction to the jury.
>
> The court finds that the probative value in this case outweighs the prejudicial effect, and the court is going to allow it. But it will grant a limiting instruction that limits the consideration of this to the count that it is a possession count. Now should this not be all tied together at the end, you can, you may have another motion.

SCR, Vol. 2, p. 114. The court gave an instruction to the jury limiting the testimony to the count regarding possession. Jury Instruction 11 (C-3), SCR, Vol. 1, p. 70. That instruction reads: "You are not, however, under any circumstances, to consider any evidence of alleged prior cocaine sales in reaching a verdict as to the charge of Sale of Cocaine as charged in Count I of

the indictment, or for any other purpose not specifically authorized by this instruction." *Id.* As

the trial court properly instructed the jury regarding the evidence of prior bad acts, the ruling on

this evidence was correct under state law. The Mississippi Supreme Court, the final arbiter of the

law of Mississippi, so found. As such, this ground for relief will be dismissed for failure to state

a claim upon which *habeas corpus* relief could be granted.

### Ground Three: Challenge Under
### *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986)

In Ground Three, Long claims that black potential jurors were systematically and

unconstitutionally stricken from the jury. The United States Supreme Court, in *Batson v.*

*Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), set forth the principles to establish

a *prima facie* case of purposeful discrimination in the selection of a jury. To do so, the defendant

must demonstrate that: "(1) he is a member of a cognizable racial group; (2) the prosecutor

exercised peremptory challenges to excuse a venire person of the defendant's race; and (3) there

is an inference that the venire persons were excluded on account of their race." *Batson v.*

*Kentucky*, 476 U.S. at 96. Once an accused has made such a *prima facie* showing of

discrimination, the burden of proof shifts to the prosecution to present race neutral reasons for

challenging the jurors. *Id.*

In this case, the Mississippi Supreme Court ruled that this issue had no merit, holding:

> Pursuant to the *Batson* standard stated above, Long established that: (1) he is a
> member of cognizable racial group; and (2) that the prosecutor has exercised
> peremptory challenges to remove from the venire members of Long's race.
> However, Long has failed to establish that the "facts and any other relevant
> circumstances raise an inference that the prosecutor used that practice to exclude
> the veniremen from the petit jury on account of their race." *Batson,* 476 U.S. at
> 96, 106 S.Ct. 1712. Neither Long nor the record establishes that the prosecutor
> engaged in a pattern of strikes on the basis of race or gender. Moreover, neither

-7-

Long nor the record establishes that the decision of the trial court was "clearly erroneous or contrary to the overwhelming weight of the evidence." *Flowers,* 947 So.2d at 917. For these reasons, we find that this issue is without merit.

*Long,* 33 So.3d at 1130.

As the Mississippi Supreme Court held, Long's *Batson* challenge was without merit. The strikes did not indicate a pattern of discrimination such that a *prima facie* case had been established. The final jury consisted of three black female jurors, six white female jurors, three white male jurors. SCR, Vol. 2, p. 67-69. In response to the defense attorney's invocation of *Batson,* the trial court observed:

> Let the record reflect that on the panel there are - out of the first 32, which would include going through the alternate selection, there are 20 white people and 12 black people on the panel. On the jury that was tendered that we have just selected, there are nine whites and three blacks. The State exercised all of its peremptory challenges, two of which were on white females, four of which were on black. One, I believe, was a male and the other three were black females. The Court finds that that does not make a prima facie case for racial discrimination in this case. Therefore, the *Batson* challenge is overruled.

SCR, vol. 2, p. 68-69. This state court finding is entitled to great deference under the Antiterrorism and Effective Death Penalty Act. *See* § 2254(e)(1). Under these facts, the Mississippi Supreme Court's resolution of the claim in Ground Three was not contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. This ground for relief is without merit and will be denied.

### Ground Four: The Sentences Imposed Were Constitutionally Disproportionate to the Crime

In Ground Four, Long argues that his sentences were unconstitutionally harsh. The Mississippi Supreme Court held that this issue had no merit. Long was sentenced as to serve life in prison for sale of cocaine (Count One) in violation of MISS. CODE ANN. § 41-29-

139(a)(1)(b)(1). In addition, he was sentenced to serve life in prison for possession of cocaine with intent to sell, transfer, distribute, or deliver (Count Two) – also in violation of MISS. CODE ANN. § 41-29-139(a)(1)(b)(1). SCR, Vol. 1, p. 2-3, 81. Long's punishments were enhanced, as he qualifies as a habitual offender under MISS. CODE ANN. § 99-19-83.[1] Long has two prior drug convictions as well as a conviction for attempted aggravated assault. SCR, vol. 1, p. 3-4. The Mississippi Supreme Court held: "Long's sentence was in the statutory range, it was mandatory, and he has failed to establish that his sentence is grossly disproportionate to his crime. Therefore, the trial court did not err in sentencing Long to two consecutive terms of life imprisonment." *Long,* 33 So.3d at 1132-1133.

*Habeas corpus* relief is proper only if a petitioner is able to show that the sentence imposed "exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler,* 825 F.2d 921, 923 (5th Cir. 1987). In *Lockyer v. Andrade,*[2] the United States Supreme Court held that there is no "clear or consistent path for courts to follow" in determining whether a sentence is so disproportionate that it violates the Eighth Amendment. *Lockyer,* 123 S.Ct. at 1173. Nonetheless, the law under § 2254(1) is clear in one respect: A gross disproportionality

---

[1] Section § 99-19-83 provides:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence **shall be sentenced to life imprisonment**, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation. (Emphasis added.)

[2]*Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

principle is applicable to sentences for terms of years. *Id.* The Court noted that this principle is warranted only in "'exceedingly rare' and 'extreme' cases." *Id.* (citations omitted). Long's sentences do not qualify as either illegal or grossly disproportionate. Further, his sentence was required by statute because he was a habitual offender. The Mississippi Supreme Court's resolution of the claim in Ground Four was not, therefore, contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. As such, Long's claim in Ground Four will be denied.

In sum, all grounds for relief in the present petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of September, 2011.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**